# EXHIBIT

## "A"

ELECTRONICALLY FILED - 2020 Mar 04 2:56 PM - JASPER - COMMON PLEAS - CASE#2020CP2700101

| | | |
|---|---|---|
| IN THE STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF JASPER | ) | FOR THE 14TH JUDICIAL CIRCUIT |
| | ) | |
| Peacock Automotive LLC, | ) | C/A No.  2020-CP-27-____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SUMMONS |
| | ) | |
| Granite State Insurance Company, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at 201 West McBee Avenue, Suite 302, Post Office Box 10410, Greenville, South Carolina 29603, within thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

March 4, 2020

s/Bradford N. Martin
Bradford N. Martin, Esq.  (SC Bar No. 3658)
Laura W. H. Teer, Esq. (SC Bar No. 16698)
**BRADFORD NEAL MARTIN & ASSOCIATES, P.A.**
Post Office Box 10410
Greenville, South Carolina 29603
864.552.9990
864.552.9992 (facsimile)
bmartin@bnmlaw.com

**ATTORNEYS FOR PEACOCK AUTOMOTIVE LLC**

ELECTRONICALLY FILED - 2020 Mar 04 2:56 PM - JASPER - COMMON PLEAS - CASE#2020CP2700101

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14TH JUDICIAL CIRCUIT |
| COUNTY OF JASPER | ) |
| | ) |
| Peacock Automotive LLC, | ) |
| | ) C. A. No. 2020-CP-27-_____ |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) COMPLAINT |
| Granite State Insurance Company, | ) |
| | ) JURY TRIAL REQUESTED |
| Defendant. | ) |
| _____ | ) |
| | ) |
| | ) |

The Plaintiff, complaining of Defendant above named, would respectfully show to this Honorable Court as follows:

1.      That the Plaintiff is a Florida limited liability company organized under the laws of the State of Florida doing business in Jasper County, South Carolina.  Defendant, Granite States Insurance Company is, upon information and belief, a corporation organized under the laws of one of the states of the United States and doing business and writing insurance for business in the County of Jasper, State of South Carolina.

## FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

2.      That the Defendant sold and issued its policy of Commercial Property to the Plaintiff, Policy No. 02-LX-062648260-1, which insured the Plaintiff for commercial coverage on their several businesses and also provided other first party benefits including Business Interruption and Extra Expense for the named and defined insureds in the policy.

3.      That on or about September 2, 2019, the Plaintiff was required to evacuate all of its businesses by noon pursuant to Executive Order 2019-18 of the Office of the Governor of South

2

ELECTRONICALLY FILED - 2020 Mar 04 2:56 PM - JASPER - COMMON PLEAS - CASE#2020CP2700101

Carolina, due to the approaching Category 5 Hurricane Dorian.  The Executive Order was based on the severe property damage loss evidenced in the Bahamas and along the coast of the United States, and the continued threat of Hurricane Dorian to the east coast of the United States.  It was also based upon the significant potential threat of property damage in Jasper County, South Carolina.

4.    That at all times relevant hereto, the insurance policy was in full force and effect and all premium payments were current and the Plaintiff complied with all conditions precedent to payment of first party benefits.

5.    Plaintiff has been damaged as a direct and proximate result of Defendant's breach of contract.  Plaintiff is informed and believes that it is entitled to a judgment against the Defendant for the Business Income and Extra Expense claims that it has submitted which have been wrongfully refused for losses incurred together with prejudgment interest, including attorneys' fees for refusal to pay these claims without reasonable cause and in bad faith pursuant to Section 38-59-40, South Carolina Code of Laws, 1976.

## FOR A SECOND CAUSE OF ACTION

### (Bad Faith Refusal to Pay First Party Benefits Under an Insurance Policy)

6.    The Plaintiff reaffirms and reiterates all of the consistent allegations contained in the First Cause of Action above, as fully as if repeated herein.

7.    Upon information and belief Defendant sought to avoid payment of the monies due to Plaintiff by unreasonably refusing to provide coverage.

8.    That the Defendant has acted in bad faith and/or was negligent, reckless, willful and wanton in one or more of the following particulars, to wit:

ELECTRONICALLY FILED - 2020 Mar 04 2:56 PM - JASPER - COMMON PLEAS - CASE#2020CP2700101

a.  In refusing to honor claims submitted for first party benefits within thirty (30) days from reasonable proof of the claim;

b.  In unreasonably delaying payment of the Plaintiff's claims;

c.  In failing to communicate to the Plaintiff any reasonable justification for failing to honor the claims;

d.  In failing to attempt in good faith to effect a fair, prompt and equitable settlement of the claims;

e.  In compelling the Plaintiff to institute a lawsuit to recover lawful benefits due under the aforementioned policy;

f.  In failing to fully investigate and review the claims to determine whether or not the claims came within the coverage afforded by the Defendant's policy;

g.  In refusing to honor the claims as leverage to force the Plaintiff to concede that no coverage existed; and

h.  Throughout the course of dealings between Plaintiff and Defendant, in acting negligently, in bad faith, and in reckless disregard of the rights of the insured.

9.      That as a proximate and direct result of the negligence, bad faith, recklessness and wantonness, the Plaintiff has been damaged, including, but not limited to, mental and emotional distress created by the delay and the bad faith refusal of the Defendant to pay the costs of hiring legal counsel to pursue the claim, the costs and expenses associated with bringing this action, and the loss of interest on the money owed by the Defendant in their refusal to timely honor the claims; that the Plaintiff is therefore informed and believes that it is entitled to judgment against the Defendant for loss and damages in a sum to be determined by the jury for both actual and punitive damages.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for actual and punitive damages, in a sum to be determined by the jury as triers of fact, including prejudgment interest and attorneys' fees and costs, and for such other and further relief the Court may deem just and proper.

March 4, 2020                    s/Bradford N. Martin
                                Bradford N. Martin, Esq. (SC Bar No. 3658)
                                Laura W. H. Teer, Esq.  (SC Bar No. 16698)
                                **Bradford Neal Martin & Associates, P.A.**
                                Post Office Box 10410
                                Greenville, South Carolina 29603
                                864.552.9990
                                **ATTORNEYS FOR PLAINTIFF PEACOCK
                                AUTOMOTIVE LLC**

ELECTRONICALLY FILED - 2020 Mar 04 2:56 PM - JASPER - COMMON PLEAS - CASE#2020CP2700101