UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Peacock Automotive, LLC, )<br>    )<br>          Plaintiff, )<br>    )<br>vs. )<br>    )<br>Granite State Insurance Company, )<br>    )<br>          Defendant. )<br>_____ ) | Civil Action No. 9:20-cv-1303-BHH<br><br>MOTION FOR PARTIAL SUMMARY JUDGMENT |

**TO: GRANITE STATE INSURANCE COMPANY AND ITS ATTORNEYS:**

**YOU WILL PLEASE TAKE NOTICE** that the undersigned, as attorneys for Plaintiff, Peacock Automotive, LLC, pursuant to Rule 56 of the Federal Rules of Civil Procedure, will move before the Honorable Bruce H. Hendricks at such time and place as the Court may direct for an order granting partial summary judgment in favor of Plaintiff on the grounds that:

1. Plaintiff had a policy in effect at all relevant times with Defendant that provided coverage for loss of business income.

2. The Policy provided for Business Interruption and Extra Expense insurance defined as follows:

We shall pay for the actual loss of **your business income** and **extra expense** caused by or resulting from action by a civil authority that prohibits access to the premises described in the Declarations <u>due to direct physical loss of or damage to property, other than at the premises described in the Declarations</u>, caused by or resulting from a **covered cause of loss.**  (emphasis added).

3. This provision lacks any limiting language regarding the proximity of the damaged property to the insured property.

4. Governor Henry McMaster required Peacock Automotive to evacuate all of its businesses by noon on September 2, 2019, pursuant to Executive Order 019-28 due to

the approach of Hurricane Dorian, which had caused severe damage to property in the Bahamas.

5. At the time of the evacuation, the Policy was in full force and effect and all premium payments were current.

6. Peacock Automotive immediately filed its claim in early September.

7. Peacock Automotive provided proof that the Evacuation Order was based in part of damage to property other than at the dealerships.

8. Granite State failed to timely investigate the claim and refused to pay the benefits owed to Peacock Automotive under the Policy without reasonable cause.

9. This failure entitles Peacock Automotive to summary judgment as there is no dispute as to a material fact that coverage is required and that Defendant has failed to pay in bad faith.

WHEREFORE, Peacock Automotive prays that this Court will enter judgment granting them the relief set forth above, and granting them such other or further relief as to which they may be justly entitled.

This Motion is based on applicable jurisprudence, the pleadings, discovery responses, such other documents as are appropriate, and Memorandum of Support that is being filed contemporaneously.

Respectfully submitted,

August 13, 2020                    s/Bradford N. Martin
                                   Bradford N. Martin, Fed. Bar #3310
                                   Laura W. H. Teer, Fed. Bar #7526
                                   Bradford Neal Martin & Associates, PA
                                   Post Office Box 10410
                                   Greenville, SC 29603
                                   ATTORNEYS FOR PLAINTIFF
                                   PEACOCK AUTOMOTIVE, LLC