**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Peacock Automotive, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 9:20-cv-1303-BHH |
| | ) | |
| vs. | ) | **DEFENDANT'S NOTICE OF MOTION** |
| | ) | **AND MOTION FOR SUMMARY** |
| Granite State Insurance Company, | ) | **JUDGMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**TO:  BRADFORD N. MARTIN, ESQ. AND LAURA TEER, ESQ., COUNSEL FOR PLAINTIFF:**

Defendant Granite State Insurance Company (hereinafter "Granite State" or "Defendant"), by and through its undersigned attorneys, will move before the Presiding Judge of the United States District Court of South Carolina, ten (10) days after service hereof or as soon thereafter as may be heard, for an Order granting summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In the instant breach of contract and bad faith matter, Plaintiff Peacock Automotive, LLC ("Peacock" or "Plaintiff") alleges that Defendant breached its insurance contract with Plaintiff and acted in bad faith in denying business interruption coverage following the evacuation order relative to Hurricane Dorian. As an initial matter, Defendant argues that the letter from SCEMD Director Kim Stenson is inadmissible and thus cannot be properly relied upon by Plaintiff to support its own Motion for Partial Summary Judgment. Further, as grounds for this Motion, Defendant asserts that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law insofar as (1) there can be no breach of contract because Plaintiff was not entitled to benefits under the clear and unequivocal terms of the insurance policy where property damages

1

in the Bahamas was not covered under the territorial restrictions in the Policy and there was no nexus between the Governor's Executive Order and any existing damage or destruction of property in the Bahamas; (2) to the extent Peacock's bad faith cause of action substantively asserts claims of improper claims practices, South Carolina law does not recognize a private cause of action for improper claims practices; and (3) to the extent a bad faith cause of action was properly raised, Granite State did not act in bad faith because there was no coverage under the Policy, and, alternatively, because Granite State did not act unreasonably.

This Motion is supported by relevant statutory and case law, pleadings on file, affidavits, if any, the attached memorandum in support of this Motion and in response to the Motion for Partial Summary Judgment filed by Plaintiff, and all arguments presented to this Honorable Court.

Granite State further reserves the right to amend and/or supplement its Motion.

Respectfully submitted,
COLLINS & LACY, P.C.

By:     s/: Michael R. Burchstead ___
MICHAEL R. BURCHSTEAD
Fed. ID#: 10297
mburchstead@collinsandlacy.com
LAURA R. BAER
Fed. ID#: 10390
lbaer@collinsandlacy.com
Post Office Box 12487
Columbia, SC  29211
803.256.2660

**ATTORNEYS FOR GRANITE STATE INSURANCE COMPANY**

September 3, 2020
Columbia, South Carolina